# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | **CRIMINAL NO. 04-30050** |
| **VERSUS** | \* | **JUDGE JAMES** |
| **EDDIE FERRAND, WILLIAM KENNEDY, and GLENDA ELLIOT** | \* | **MAGISTRATE JUDGE HAYES** |

## RULING ON MOTIONS TO SEVER[1]

Before the undersigned Magistrate Judge, on reference from the District Court, are separate Motions to Sever filed by defendants, William Kennedy and Glenda Elliot. [Document Nos. 65 and 69]. As the arguments by each in support of their motions are virtually the same, both motions will be considered together.

### Introduction

Eddie Ferrand ("Ferrand"), William Kennedy ("Kennedy"), and Glenda Elliot ("Elliot"), the three defendants in this matter, were indicted on November 18, 2004, for conspiracy to commit tax fraud. Ferrand, the owner of "Mr.Ed's Tax Service," a local business specializing in completing tax returns, along with two employees, Kennedy and Elliot, allegedly prepared and filed with the Internal Revenue Service ("IRS") fraudulent tax returns and deduction schedules in an attempt to obtain tax refunds from the Treasury Department. The three defendants also allegedly designated a post office box as the home address for several married couples and

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

individuals living in the same residences, thereby enabling the spouses and individuals to falsely claim the beneficial "Head of Household" filing status. The indictment also alleges that the defendants falsely claimed various exemptions and expenses and would submit tax returns with fraudulent filing statuses so as to increase the refund amount. Besides the general conspiracy allegations and the facts thereunder, the indictment also specifically identifies the false tax returns and claims that each defendant allegedly filed with the IRS.

Pursuant to Rule 14 of the Federal Rules of Criminal Procedure, Kennedy and Elliot have filed motions to sever the indictment and trial both between themselves and Ferrand, claiming that the individual evidence against one defendant will spill over into the jury's consideration of the innocence of the other defendants.

## Law and Analysis

Rule 14 provides in pertinent part:

> If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). The severance and relief described in Rule 14 is the exception to the rule that "persons indicted together should be tried together, especially in conspiracy cases." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993). Accordingly, a court should grant a severance "only if there is a serious risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt." *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994) (citing *Zafiro v. United States*, 506 U.S. 534, 539-40 (1993)). Phrasing the standard in terms of judicial economy, the United States Court of Appeals for the Fifth Circuit has stated that severance is warranted only when a defendant can demonstrate a "compelling prejudice" that "outweigh[s] the government's interest in economy of

judicial administration." *United States v. Buckhalter*, 986 F.2d 875, 876 (5th Cir. 1993).

The Fifth Circuit has consistently rejected several grounds for severance under Rule 14, including claims of a spillover effect where the jury will not be able to separate the evidence and charges among the defendants. *See United States v. Mitchell*, 31 F.2d 271, 276 (5th Cir. 1994); *United States v. Sparks*, 2 F.3d 574, 583 (5th Cir. 1993); *United States v. Rocha*, 916 F.2d 219, 228-29 (5th Cir. 1990). In cases involving multiple defendants where some evidence may be duplicative or irrelevant to one defendant, appropriate cautionary and limiting instructions are sufficient to prevent against the threat of prejudice. *Rocha*, 916 F.2d at 228-29. In keeping with the high burden for severance under Rule 14, the Fifth Circuit has repeatedly stated that "[a] quantitative disparity in the evidence does not by itself warrant severance nor does the mere presence of a spillover effect." *Mitchell*, 31 F.2d at 276.

Given the relatively straightforward facts of this case, the defendants, Kennedy and Elliot, have failed to demonstrate a compelling prejudice that warrants severance. They have both been charged with conspiracy to commit tax fraud with their supervisor and employer, Ferrand, and, to that end, each is alleged to have filed at least seven false or fraudulent tax returns. While Kennedy and Elliot insist that the evidence presented at trial for each defendant will likely be separate and independent from that of the other defendants, the evidence will all relate to the primary charge: conspiracy to commit tax fraud. There is simply no reason to doubt a jury's ability to consider and separate the evidence for and against each defendant in this case. Furthermore, any confusion or questions regarding the evidence can be properly dealt with through detailed and precise limiting instructions. In sum, the defendants have not demonstrated any "compelling prejudice" or serious risk that would justify expending valuable judicial resources to hold three separate trials involving virtually the same issues.

Therefore, the Motions to Sever filed by Kennedy and Elliot are **DENIED.**

THUS DONE AND SIGNED at Monroe, Louisiana this 8th day of November 2005.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE