RECEIVED
IN MONROE, LA
MAR 2 7 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 04-30050-02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WILLIAM KENNEDY | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

On the first morning of trial, counsel for Defendant William Kennedy indicated that Defendant wished to represent himself in this trial. After some discussion with Defendant and his counsel on the record, it was further indicated to the Court that Defendant had certain defenses he wished to present to the Court that defense counsel did not feel that he could present within his ethical and professional obligations as an officer of the Court.

After a meeting with counsel in chambers, the Court determined that it would allow Defendant to present his arguments *pro se*, under the unusual circumstances of this case, without allowing Defendant's counsel to withdraw. Defendant presented his arguments to the Court orally to support a motion to quash the indictment against him.

First, Defendant argued that there are two jurisdictions within the country of America and that persons such as himself and the persons for whom he prepared tax returns are not subject to taxation. Accordingly, he argued that he could not have committed a crime by presenting fraudulent information on those tax returns because the Government was never entitled to tax payment.

Second, Defendant argued that there are only two types of jurisdictions: common law and admiralty and that he is being tried legislatively, not judicially.

Third, Defendant further argued that he is a creature of God born on the organic land of Louisiana and the country of America, not a corporate entity, and that he is not subject to the tax laws of this country.

Fourth, Defendant argued that he has not taken an oath or allegiance to the United States Constitution and is not subject to penalties of perjury.

Fifth, Defendant argued that he is an American, not a United States Citizen, and, again, that he is not subject to tax laws.

The Court has taken Defendant's arguments under consideration, but he has raised no argument supporting a motion to quash. Many of these same issues were presented in a case to the Sixth Circuit Court of Appeals in *United States v. Bradley*, 26 Fed. Appx. 392, 2001 WL 1299248 (6th Cir. Aug. 9, 2001). In that case, the Sixth Circuit stated as follows:

> On appeal, the Bradleys raise only frivolous tax-protestor arguments or patently meritless contentions. For example, Edgar I argues that: (1) neither he, nor most Americans, has any taxable income; (2) the prosecutor committed a fraud upon the court because the income tax is voluntary, therefore, no crime exists in this case; and (3) the grand jury indictment was not presented in open court and is therefore defective, and the district court had no jurisdiction. Edgar I also plays the "name game," contending that "Edgar Francis; Bradley" is a natural born man of the State of Ohio, while "Edgar F. Bradley" is merely a corporate fiction. Edgar II essentially reasserts the arguments of Edgar I, while adding, without supporting argument, that the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), somehow compels a reversal of the Bradleys' convictions. Edgar II also adds a contention that *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), demonstrates that Congress lacks the power to tax income. Finally, Roy Claudius plays the name game using variations involving capital letters, he repeats the arguments of his codefendants, and he argues that there is no "meeting of the minds" among the statutes and regulations that

authorize the income tax.

These arguments have been rejected as frivolous in previous cases, *See, e.g., United States v. Mundt*, 29 F.3d 233, 237 (6th Cir.1994) (citing cases), or are patently meritless.

This Court agrees with the Sixth Circuit and finds that Defendant has failed to present any non-frivolous arguments in support of his motion to quash. Accordingly, the motion is DENIED, and this case will proceed to trial.

Monroe, Louisiana, this 27 day of March, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3